# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN PATTERSON, #R-66497, )
)
Plaintiff, )
) Case No. 10-cv-476-JPG
vs. )
)
DR. SCHEAFFER, DR. SHUTE and )
M.D. FENOLIO, )
)
Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 10) of the Court's Memorandum and Order dismissing his complaint (Doc. 8).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., GHSC Assocs. Ltd. P'ship v. Wal-mart Stores, Inc.*, 29 F. App'x 382, 384 (7th Cir. 2002); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order; where they are not filed within 28 days, motions fall under Rule 60(b).

The Order dismissing this case was entered in this action on January 18, 2011, and the instant motion was filed on March 15, 2011, which is not within 28 days of the order. Therefore, as a Rule 59(e) motion, the motion is time-barred.

The Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

Plaintiff alleges in his motion that the Court failed to consider his claim for neglect, and instead construed his complaint as a medical indifference claim. These allegations do not involve mistake, inadvertence, surprise, or excusable neglect so as to warrant relief under Rule 60(b). These allegations would have been properly raised under Rule 59(e), but as stated above Plaintiff waited too long to file his motion and is thus time-barred. Therefore, the instant motion (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 23, 2011**

                                               *s/J. Phil Gilbert*
                                               **United States District Judge**